(84 N. W. Rep. 359.)

---

### ANNIE LOKKEN *vs.* W. G. MILLER, *et al.*

Opinion filed November 9, 1900.

**Payment—Burden of Proof.**

> The plea of payment in an answer to a complaint for a liquidated demand confesses the cause of action, and casts the burden upon the defendant to sustain such plea.

**What Constitutes Payment.**

> An obligation to pay money may, by agreement to that effect between the debtor and creditor, be discharged by the delivery to and acceptance by the creditor of the obligation of a third person. but the mere delivery of such an obligation by a stranger to the transaction, and without such agreement, does not have the effect of discharging the original obligation.

Appeal from District Court, Richland County; *Glaspel*, J.

Action by Annie Lokken against W. G. Miller and W. J. Miller, partners as Miller Bros. Verdict for plaintiff. Defendants appeal. Affirmed.

*W. E. Purcell*, for appellants.

Defendants' motion, made at the close of plaintiff's case, to direct a verdict in their favor, should have been granted because there was no evidence of a demand before suit for the money claimed. 5 Am. & Eng. Enc. L. 521; *Roody* v. *Ryler*, 24 Vt. 660. Where the contract in suit does not provide for the time of performance, demand and refusal must be alleged and proved. *Worley* v. *Mourning*, 4 Ky. 254; *Babb* v. *Babb*, 89 Ind. 281; *Powers* v. *Basford*, 19 How. Prac. 320. Plaintiff's objections to exhibits offered in evidence were too general to prove available. *Kolka* v. *Jones*, 6 N. D. 480; *Plano Mfg. Co.* v. *Persons*, 81 N. W. Rep. 897. Even valid objections made after the witness has answered must be overruled because it will be presumed that counsel waited for the answer to see whether it was favorable or unfavorable to him, a practice that cannot be tolerated. *Way* v. *Johnson*, 5 S. D. 237; *Vermillion Well Co.* v. *City*, 6 S. D. 467. It was prejudicial error in the conduct of the trial for plaintiff's counsel, in argument to the jury, to state that "individuals do not have fidelity bonds to protect them

from defalcations of their agents and elevator companies do have such bonds." *Lindsay* v. *Pettigrew,* 3 S. D. 197; *Brown* v. *Swinford,* 44 Wis. 282; *State* v. *McGahey,* 3 N. D. 293.

*Freerks & Freerks,* for respondent.

The defendants are liable for, and bound by the acts and statements of their agent in connection with the subject matter of his employment, although these were intended to defraud them as well as the plaintiff. Mecham on Agency, § 739; *Reynolds* v. *Witte,* 30 Am. Rep. 678; *Rhoda* v. *Annis,* 46 Am. Rep. 356. One who employs an agent or attorney should lose by his fraudulent or illegal act in preference to an innocent third party. *North River Bank* v. *Aymer,* 3 Hill. 262; *Mundorf* v. *Wickersham,* 63 Penn. 87; *The Monte Allegro,* 22 U. S. 644, 6 L. Ed. 181; *Baltimore Trust & Gas Co.* v. *Hambleton,* 40 L. R. A. 216. The record shows that a demand was in fact made before suit. As to the language used by plaintiff's counsel in argument, the court instructed the jury to disregard the same. This cured the error if any. *State* v. *McGahey,* 3 N. D. 293, 55 N. W. Rep. 753.

YOUNG, J. The defendant is a co-partnership. In 1898 it operated a line of public elevators in this state. One H. H. Hanson had charge of its elevator at Christine, and also of defendant's business at that point in buying and shipping grain. This action is to recover the sum of $150 and interest, as due and unpaid, for 200 bushels of wheat sold and delivered to defendant by plaintiff in the month of February, 1898, at its elevator at Christine, at an agreed price of 75 cents per bushel, no part of which sum, plaintiff alleges, has been paid. The answer sets up the defense of payment, and that defense only. By this plea the issues of fact for trial were narrowed to the single issue of payment, and as to that the defendant had the burden of showing by competent evidence the fact that he had discharged the indebtedness, which is admitted by his plea of payment. On the proposition that pleading payment of a liquidated demand confesses the cause of action, and dispenses with the necessity of plaintiff proving his cause of action, and casts the burden of proving the payment so pleaded on the defendant, see *Caulfield* v. *Sanders,* 17 Cal. 569. In *Mohr* v. *Barnes,* 4 Col. 351, the court said: "The effect of the plea is to admit the original liability, and the burden of its discharge is assumed by the defendant." See, also, 16 Am. & Eng. Enc. Pl. & Prac. 168, and cases cited. The trial in the District Court resulted in a verdict for plaintiff for the amount prayed for in her complaint. Defendant made a motion for a new trial. This was denied, and the appeal is from the order overruling such motion. The motion was based entirely upon alleged errors of law occurring at the trial. All of these alleged errors, some 30 in number, are urged on this appeal as ground for reversing the order of the District Court. Upon the record pre-

sented we find it unnecessary to review any of the errors specified. No evidence was introduced by defendant in support of his plea of payment, and none of the errors complained of relate to the exclusion of evidence upon that issue. Plainly, plaintiff was entitled to a verdict, and there was nothing for the jury to determine. Under these circumstances we will not review the numerous rulings of which appellant complains, for, whatever conclusions we might reach as to their correctness, we would be compelled in each instance to hold that no prejudice followed. There is no evidence that defendant, or any one on its behalf, has paid plaintiff for the wheat in money. But it is the contention of appellant's counsel that the obligation of defendant to pay for the grain purchased was discharged by the execution and delivery to plaintiff of a personal duebill by Hanson for the amount due for the wheat. Hanson was a witness for the defendant. It appears that at the time he purchased this grain in question he was short in his accounts with his employer, and very soon thereafter was discharged. He testified that subsequent to his discharge, and about one month after the sale and delivery of the wheat, he executed and delivered to plaintiff his personal obligation for the amount due her for the wheat, in the form of a duebill. Counsel's position is that this presented a question of fact for the jury to pass upon under defendant's allegation of payment. We do not think so. Conceding that Hanson's statements are entirely true, did the delivery of the duebill have the effect of extinguishing defendant's admitted obligation to pay for the wheat? We are clear that it did not. It is true, a creditor, by agreement with his debtor, may take the note or obligation of a third person in payment of a debt in lieu of money. But the taking of such obligation is not payment unless so agreed (*Waydell* v. *Luer*, 3 Denio, 410) ; and where the obligation of a third person is taken for a precedent debt, as in the case at bar, prima facie it is no discharge of the original debt (*Ford* v. *Mitchell*, 15 Wis. 304, and cases cited). There is no evidence whatever of an agrement between the plaintiff and defendant touching the matter of the duebill. It appears to have been given by Hanson in furtherance of purposes of his own, and not connected in any way with any agreement between the debtor and plaintiff. Under these circumstances the delivery of the duebill by Hanson was the act of a stranger, and his agreement to pay was without consideration, and was without effect upon the existing obligation of the defendant to pay for the wheat purchased from plaintiff. The order overruling the motion for new trial is affirmed. All concur.