(116 N. W. 349.)

---

PLANO MANUFACTURING COMPANY v. S. J. DOYLE.

Opinion filed April 30, 1908.

**Principal and Agent — Payment — Assumption of Debt by Creditor's Agent.**

1. The assumption by an agent of a debt due from a third party to the agent's principal, without authority from, or ratification by the latter, does not constitute payment.

**Judgment — Power of Court to Correct — Pending Action.**

2. While an action in which a jury trial was waived is still pending in the district court, that court has jurisdiction and power to correct its own errors, and may in the exercise of its discretion on notice and motion vacate its findings and judgment, and make new findings, and enter a new and different judgment.

Appeal from District Court, Foster County; *Burke, J.*

Action by the Plano Manufacturing Company against S. J. Doyle. Judgment for plaintiff. Defendant appeals.

Affirmed.

*T. F. McCue,* for appellant.

Where a general agent, with authority to collect for his principal, pays money to himself for the latter's debts, the debtor's obligation is extinguished. Gray v. Herman, 6 L. R. A. 691; 40 Am. Rep. 66; Stebbins v. Lardner, 48 N. W. 847.

Payment may be made by one other than the debtor, but in his behalf. 22 Am. & Eng. Enc. Law, 235.

*Turner & Wright,* for respondent.

Payment may be made in other than money, if parties so agree, Scott v. Gilkey, 49 Ill. App. 116; Cleveland v. Rothschild, 94 N. W. 184; Lokken v. Miller, 9 N. D. 512, 84 N. W. 368.

But an agent can accept only money for his principal's debt, unless otherwise instructed. Scott v. Gilkey, 39 N. E. 265; Gray v. Herman, 44 N. W. 248, 6 L. R. A. 691.

Courts of general jurisdiction can vacate, amend or modify their judgments during the term at which rendered. 17 Am. & Eng. Enc. Law, 813; 23 Cyc. 860; 1 Black on Judgments, section 305; Coughron v. Gutcheus, 18 Ill. 390; Layman v. Graybill, 14 Ind. 166; Taylor v. Lusk, 9 Iowa, 444; Wolmerstadt v. Jacobs, 16 N. W. 217; State v. Sowders, 42 Kan. 312; Comm. v. Weymouth, 2 Allen 144; Taylor v. Gribble, 33 S. W. 765.

And as long as the case is pending. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Dedrick v. Charrier, 15 N. D. 515, 108 N. W. 38.

SPALDING, J. Action for a balance due plaintiff from defendant on account. Defense, full payment alleged to have been made to one Otis as general agent of the plaintiff. Two questions are raised in this case. The first depends upon the facts, which are as follows: The defendant was indebted to the plaintiff. One Otis was the general agent of the plaintiff with authority to make collections. He personally purchased of the defendant his interest in a tract of Manitoba land for a sum sufficient to pay the debt of the defendant to plaintiff. It is not contended that he took the land for the plaintiff, but it is conceded that it was a personal purchase on his part, and that the defendant knew this. Otis gave the defendant a receipt in full for the plaintiff's claim as agent, and agreed to protect the defendant against any further demands on the part of the plaintiff for payment of the debt. No cash or equivalent changed hands or was produced. Otis testified that he kept in his bank account sufficient money to pay the claim to the plaintiff, but that he had a contingent claim against it which he intended to offset against this account, and therefore did not remit his own money to plaintiff in payment of defendant's debt, and that he bought the land for himself, and not for the company, and did not expect or intend to turn the land over to the company. It is contended that Otis received the money from himself individually to himself as general agent of the respondent, and that this had the same force and effect as though the respondent had received the same. No claim is made that the respondent ever ratified the transaction or accepted Otis individually in place of the appellant as

its debtor. A jury was waived on the trial, and error is assigned in ordering and rendering judgment in favor of the respondent and against appellant. No authorities are cited by the appellant which appear directly in point.

Otis testified that he showed the money to the appellant at the time the transaction occurred, but that he did not pay it to him and then he pay it back; that appellant never paid him any part of the money, but subsequently on cross-examination stated that he did not know whether he showed Mr. Doyle the money or not. The only question on this point is whether the facts sustain the appellant's plea of payment. It appears to us to be elementary that this transaction did not constitute payment of respondent's claim against appellant. The deal was never ratified. It is not shown that Otis had any authority to substitute his obligation in place of that of a third party to the respondent, and respondent repudiated the transaction and has continued to do so. It was a mere agreement on the part of the agent to assume and pay the debt of the appellant. See Scott v. Gilkey, 153 Ill. 168, 39 N. E. 265; Lokken v. Miller, 9 N. D. 512, 84 N. W. 368; Bostick v. Hardy, 30 Ga. 836; Lochenmeyer et al. v. Fogarty et al., 112 Ill. 572.

Error is also assigned because the trial court vacated its first findings and judgment on motion, which were in favor of the appellant, and made new findings and entered a new judgment in favor of respondent. This is not the usual practice, but that courts have the power to correct their own errors before they lose jurisdiction of a case is well established, and we cannot say that the court abused its discretion in its action in this case. Under the provisions of the code, the action was still pending. The court, therefore, had full power and authority over the judgment. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Dedrick v. Charrier, 15 N. D. 515, 108 N. W. 38; Clopton v. Clopton, 10 N. D. 569, 88 N. W. 562, 88 Am. St. Rep. 749, and cases cited; Sim et al. v. Rosholt, 16 N. D. 77, 112 N. W. 50, 11 L. R. A. (N. S.) 372; 23 Cyc. 860; 17 Am. & Eng. Enc. Law, 813.

No error affirmatively appearing, the judgment of the district court is affirmed. All concur.