STOCKWELL, Respondent, v. THE GERMAN MUTUAL INSURANCE ASSOCIATION OF LeMARS, Appellant.

(158 N. W. 450.)

(File No. 3910.    Opinion filed June 27, 1916.)

1. Evidence—Insurance—Hail Insurance—Measure of Damages—Neighbors' Crop Yield, Competency.

In a suit to recover under a policy of hail insurance for loss of crops, held, that evidence as to the crop yield of insured's neighbors, as establishing the amount of his loss, was competent, there being evidence tending to show that the crop conditions of the neighbors were practically the same as those of insured before the hail storm, and while not as definite as it might have been, it was sufficient to constitute a prima facie showing, and, being uncontroverted, was sufficient to justify the ruling complained of.

2. Evidence—Damages Under Hail Insurance Policy—Lease of Land to Other Persons, Evidence of, Competency.

In a suit to recover damages for loss of crops under a hail insurance policy, held, that evidence of a lease of the land for the year in question, made to other persons than the insured, was properly excluded, it appearing by uncontradicted testimony that the lessees under said lease had moved from the land, and that the owner's manager, duly authorized, leased the land to plaintiff.

3. Counterclaim—Suit on Insurance Policy—Counterclaim for Installment Note—Admission of Payment of Note, Effect as to Counterclaim.

Where, in a suit for damages for loss of crops under a hail insurance policy, defendant insurer counterclaimed upon the

first installment of an installment note given by insured for the premium upon the hail insurance policy or such portion thereof as might be assessed, the first installment of which was for the year in question, held, that, insured having admitted, in his reply, execution of the note, and admitted upon trial that the assessment for that year had been properly made and that the note had not been paid, the trial court properly refused to dismiss the counterclaim, and its ruling was not prejudicial error, in view of the fact that it allowed defendant to deduct the amount of the first installment from the verdict.

4. **Evidence—Impeachment, Foundation for—Failure to Lay Foundation, Effect.**

Where, in a suit for damages for loss of crops under a hail insurance policy, a witness, whose previous testimony tended to show that a part of the grain had rotted on account of bad stacking, was asked, for the evident purpose of impeaching testimony of plaintiff, wherein he testified that the stacking of the grain harvested from the land in question was done in a good and husbandlike manner, whether there was any conversation between witness and plaintiff or his wife about the way in which the grain was stacked, held, that, plaintiff's attention at the time he was examined not having been called to said conversation, the trial court did not err in sustaining an objection to the question.

5. **Insurance—Hail Insurance—Certified Statement of Crops Grown, By-law Requiring, Materiality, Where Defendant Denied Liability.**

In a suit to recover for loss of crops under a hail insurance policy, held, that, defendant insurer having in its answer denied all liability, the failure of plaintiff to comply with a by-law in the policy, requiring him to render a certified account of the amount of crops grown upon the land, was excused by such denial of liability.

6. **Evidence—Damages—Measure of Damages—Crop Loss Under Insurance Policy—Cost of Care of Crops, Materiality—Judicial Notice Concerning Such Cost.**

In a suit to recover for loss of crops under a hail insurance policy, held, that the fact that no evidence was introduced showing the cost of caring for the grain, or bringing of it to maturity, or as to cost of cultivating or keeping the corn and preparing it for market, is immaterial; that the court will take judicial notice of the fact, as to small grain, that there is no cost to the farmer in bringing it to maturity after it is 8 or 10 inches high, as was this grain shown to be at the time of the hail; that as to the corn, the evidence showed it was from 6 to 8 inches high at the time, that there were 3 or 4 stalks to the hill, and that after the hail there were one or two stalks to

the hill, and it is not contended that there was any less cost of cultivating corn with only one or two stalks to the hill than where there were 3 or 4.

7. **Appeal—Review—Measure of Damages—Instructions, Exception to, Necessity.**

Where no exception was taken to an instruction concerning measure of damages under a hail insurance policy, the point will not be reviewed on appeal.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by Charles A. Stockwell, against The German Mutual Insurance Association of LeMars, to recover damages for loss of crops under a hail insurance policy. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Bailey & Voorhees,* and *T. M. Bailey,* for Appellant.

*Parliman & Parliman,* for Respondent.

(1) To point one of the opinion, Respondent cited. Condon v. DesMoines Mut. Hail Ass'n. (Iowa) 94 N. W. 477; Barry v. Farmer's Mut. Ins. Assn. (Iowa) 81 N. W. 690.

(3) To point three of the opinion, Respondent cited: Johnson v. Dakota Fire & Marine Ins. Co. (N. D.) 45 N. W. 799.

(5) To point five of the opinion, Respondent cited: Richardson Ins. Law, (3rd Ed.) Sec. 145, and notes at the bottom of page 179; Pheoenix Ins. Co. v. Kerr, 129 Fed. 723; Kerr on Insurance, 714.

GATES, J. Plaintiff's crops were insured by defendant against loss by hail. Plaintiff's evidence tended to show such loss. Defendant's evidence tended to show loss by wind and rain. Plaintiff promptly notified defendant of the loss, and shortly thereafter defendant's adjuster made an investigation and reported, "No loss allowed." The secretary of the defendant testified, "We denied from the first that there ever was a loss." Trial by jury was had, which returned a verdict for plaintiff in the sum of $909.65. From the judgment and an order denying a new trial, defendant appeals.

[1] Appellant urges that it was error to allow evidence as to the crop yield of respondent's neighbors for the purpose of establishing the amount of respondent's loss. There was evidence tending to show that the crop conditions of the neighbors were

practically the same as those of respondent before the hailstorm. It is true this evidence was not as definite as it might have been. It was, however, sufficient to constitute a prima facie showing, and, being uncontroverted, we think it sufficient to justify the rulings complained of. The trial court carefully protected appellant's rights in this respect in its charge to the jury.

[2] It is next urged that appellant was prejudiced by the exclusion from evidence of a lease of the land made to other persons than respondent for the year in question. It appears by the uncontradicted testimony that the lessees under the written lease had moved from the land, and that the manager of the owner, who had the authority, leased the land to respondent by verbal lease. The exclusion of the written lease was clearly not prejudicial.

[3] Appellant next complains of the ruling of the court in refusing appellant's motion to dismiss its counterclaim. This counterclaim was for the first installment of a note for five installments of $88 each, given by respondent for the premium upon his hail policy, or such portion thereof as might be assessed, the first installment of which was for the year in question. In his reply respondent admitted the execution of the note, but denied that anything was due thereon. During the trial respondent admitted that the assessment for that year had been properly made and that the note had not been paid. We fail to discover how appellant was prejudiced by a ruling which allowed it to deduct the amount of the first installment of the note from the verdict.

[4] Objection is next made to the sustaining of an objection to the following question asked of the thresher of the grain:

"Q. During the time you were eating at Mrs. Stockwell's and when Charles Stockwell was present, was there any conversation between yourself, Mrs. Stockwell, or Charles Stockwell about the way that grain was stacked?"

The thresher had previously given testimony tending to show that a part of the grain had rotted on account of bad stacking. The purpose of the above question was evidently to impeach the the testimony of plaintiff wherein he testified that the stacking was done in a good and husband-like manner; but in the examination of plaintiff his attention was not called to this conversation, and no foundation was laid for the impeaching testimony. The

court therefore did not err in sustaining respondent's objection to the question.

[5] Objection was further made that respondent failed to comply with the by-law which required him to render a true account of the amount of crops grown upon the land, certified to by two disinterested witnesses. The denial of any liability on the part of the defendant excused such compliance, as has been frequently held in this and other jurisdictions.

[6, 7] Finally, it is urged that there was no evidence to show the measure of damages, except the market value of the crop less the cost of threshing, husking, and hauling to market. The precise point is thus stated in appellant's brief:

"There was no evidence to show how much it cost in labor or material to care for the grain or bring what was left of it to maturity, or how much it cost to cultivate or keep the corn and otherwise prepare it for market."

Courts will take judicial notice of the fact that, in so far as small grain is concerned, there is no cost to the farmer in bringing it to maturity after it is eight or ten inches high, as this grain was at the time of the hail. In regard to the corn, the evidence showed that it was from six to eight inches high at the time of the hail, and that there were three or four stalks to the hill. After the hail, there were one or two stalks to the hill. It is not contended that there is any less cost of cultivating a patch of corn with only one or two stalks to the hill than a patch with three or four stalks to the hill. The trial court instructed the jury on this point as follows:

"If you find for the plaintiff, you may assess his damages at the market value of the crop destroyed, if any, less the expense of harvesting and preparing it for market. The total damage not to exceed the amount claimed in the complaint which is $1100."

No exception was taken to this instruction. The point is evidently an afterthought. Appellant's contention is too attenuated to deserve further consideration.

The judgment and order denying a new trial are affirmed.