OSCAR HARTSOCH, Respondent, v. FRANK B. CREEDEN, Appellant.

(235 N. W. 593.)

Opinion filed March 2, 1931.   Rehearing denied April 1, 1931.

*A. J. Knox,* for appellant.

*Ivan V. Metzger,* for respondent.

BIRDZELL, J.   The plaintiff, Hartsoch, brought action against the defendant, Creeden, to recover damages on account of an alleged breach of a contract under which the plaintiff claimed the right to the use of certain lands of the defendant for cropping purposes for the years 1927 and 1928.   He alleged that by reason of the breach of the contract by the defendant in renting the premises to a third party he was deprived of the use thereof during the year 1928 to his damage in the sum of $1500.00.   The defendant answered by general denial.   There was another action in which the plaintiff sought to recover from the defendant $50.50 as a balance due for threshing in the year 1927. There was likewise a general denial interposed in this action; also, a counterclaim in which the defendant sought to recover $41.35 alleged to have been advanced for the use of the plaintiff.   By stipulation both cases were tried together and one verdict rendered, which, under the instructions of the court, signifies that the jury found for the plaintiff in both actions and also found for the defendant upon the counterclaim in the second action.   From a judgment entered on the verdict and from an order denying the defendant's motion for judgment non obstante or in the alternative for a new trial the defendant appeals.

The facts may be briefly stated as follows:   The defendant, a druggist at Ray, North Dakota, was the owner of a certain tract of land in the vicinity of Ray.   In the spring of 1927 he made an arrangement with the plaintiff whereby the plaintiff would break the land at a certain rate per acre and crop it, the parties to share some of the expenses and to divide the crop, one-half to each.   A written contract was later entered into expressing the arrangement, which gave to the plaintiff the right to the use of the land on stated terms for the years 1927 and 1928.   The land was farmed under this contract for the year 1927, but in the fall of that year the parties had some difficulty in coming to a settlement, which resulted in a physical encounter.   In the spring of 1928 there was some talk between the defendant and

one A. C. Knox; also, between A. C. Knox and the plaintiff relative to Knox farming the land for the year 1928. These talks culminated in a conference in the defendant's drug store in which the three parties participated. Following this conference the plaintiff delivered to Knox his copy of the contract. Knox went into possession of the land and farmed it during 1928, raising thereon a good crop. Some time in 1929 the plaintiff went to the Knox home and requested that the contract be redelivered to him, which request, in Knox's absence, was complied with by a member of his family.

Upon the trial the principal controversy was as to whether or not the defendant had declined to permit the plaintiff to proceed with the contract for the year 1928, or whether the plaintiff had voluntarily abandoned the contract and relinquished his rights under it. According to the evidence the plaintiff contended that Knox told him the defendant, Creeden, had said that the plaintiff could not have the land in 1928 and that upon the occasion in the spring of 1928 when Knox and the plaintiff called at the defendant's drug store the defendant told Knox he could have the land for that season; that the plaintiff being willing that Knox should have the benefit of his plowing upon the land, if any third party were to have such benefit, turned over to him the contract as an expression of the terms under which Knox would farm the land that season. Knox testified that hearing the defendant was looking for a renter he called upon him early in April, 1928. The defendant said the land was for rent. He said Hartsoch could not have it as he had broken the contract; that thereafter he told Hartsoch what the defendant had said and that later when Knox and the plaintiff went to Creeden's drug store Creeden asked if Knox was willing for Hartsoch to turn the contract over to him (Knox) and he said he was and that this contract represented the understanding between the defendant and Knox. Creeden disputed Knox's testimony to the effect that he had told the latter the plaintiff could not farm the land in 1928 and testified that the plaintiff had told him in the fall of 1927 that he did not care to farm the land any more. The plaintiff disputed that. There was a clear issue of fact as to whether or not the plaintiff abandoned the contract or whether he stood upon his rights under it, merely accepting the situation created by the defendant's repudiation of the contract. There is a question of fact as to whether the plaintiff

in turning it over to Knox did so merely as a matter of accommodation, so that the latter might hold it as an expression of the terms under which he was farming the land in 1928. The jury has resolved these conflicts in favor of the plaintiff.

There was no other serious controversy upon the trial, but there is some contention on the appeal that the evidence did not conform to any proper measure of damages. The plaintiff proved by Knox the crop he had raised upon the land in 1928, the cost of raising, harvesting and marketing it and the amount received therefor. The testimony went in wholly without objection and it could have had no bearing upon any other issue than that of damages. The record, therefore, shows that the defendant acquiesced in this method of establishing the damages. The instructions of the court submitted the issues according to the theory upon which the case was tried. It is now too late to complain. (See Fargo Loan Agency v. Larson, 53 N. D. 621, 207 N. W. 1003.) We are not therefore concerned with whether the evidence established the proper measure of damages or whether the instructions are abstractly correct.

There is also a contention that the court erred in admitting hearsay testimony. This consisted of conversation between Knox and the plaintiff in the absence of the defendant. The record shows that when the witness Knox was asked concerning this conversation an objection was made on the ground that it did not touch any issue raised in the pleadings. The objection of hearsay should be specific; otherwise the evidence, if relevant, may be properly considered by the jury. Huston v. Johnson, 29 N. D. 546, 151 N. W. 774; State ex rel. Olson v. Royal Indem. Co. 44 N. D. 550, 175 N. W. 625; Graham v. Alliance Hail Asso. 47 N. D. 425, 427, 182 N. W. 463. The record shows that the issues were fairly tried and submitted.

Finding no prejudicial error in the record, the judgment must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BURKE, JJ., concur.