# MARIE SOHNS v. M. B. HUBBARD. GROCERY COMPANY.[1]

May 8, 1925.

No. 24,460.

**Verdict sustained that truck driver was within scope of his employment.**
1. The evidence sustains a finding of the jury that the defendant Jansen, the driver of an auto of the defendant Hubbard Company, was in the scope of his employment, testing the auto upon which he had just made repairs, when he struck the plaintiff.

**Defendant driver was properly called for cross-examination.**
2. There was no error in calling the defendant Jansen for cross-examination under the statute, the effect of his admissions was properly limited, and there were no reversible rulings on evidence.

**No error in refusal to give 30 requests when charge correctly stated the simple issues.**
3. A party is entitled to a requested instruction correctly stating the law and materially applicable to the issues, or its equivalent in the general charge. Thirty requested instructions were presented and refused. The issues were simple and were presented fully in the general charge. There was no error in refusing the requested instructions.

1. See Motor Vehicles, 28 Cyc. p. 47.
2. See Evidence, 22 C. J. p. 348, § 401; Witnesses, 40 Cyc. p. 2472.
3. See Motor Vehicles, 28 Cyc. p. 49; Trial, 38 Cyc. pp. 1703, 1711.

Action in the district court for Ramsey county. The case was tried before Michael, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Hubert Harvey* and *Ralph Stacker*, for appellant.
*Morphy, Bradford & Cummins*, for respondent.

[1]Reported in 203 N. W. 782.

DIBELL, J.

Action to recover damages for injuries sustained by the plaintiff when struck by an auto of the defendant M. B. Hubbard Grocery Company driven by the defendant Jansen, its employe. There was a verdict for the plaintiff and the defendant grocery company appeals from an order denying its motion for a new trial.

1. The principal question is whether Jansen was in the course of his employment at the time of the injury to the plaintiff. His employment required him to use the auto in delivering groceries to the retail trade. He kept it in the garage of his father, with whom he lived. The defendant grocery company paid rental. There is evidence from which the jury could find that it was understood that Jansen was to make repairs upon the auto as they were needed. The auto had not worked well, and on the evening of October 4, 1923, after his day's work was done, he made some repairs at the garage. He made some tests in the garage. He then took it out on the street to get a practical working test, so he claims, of the result of his work. He chose his own route. It was while making this test that he struck the plaintiff. It was for the jury to say whether in making the test he was fairly within the scope of his employment. He was not directly authorized to make the test. That was not necessary. Dunnell, Minn. Dig. § 5833. It is enough that, being authorized to make repairs, it was fairly within the scope of his employment to take the auto out on the street and see whether the repairs were effective. And this was for the jury. He was not on the street for any purpose personal to himself, if his testimony be taken as true. See Langan v. Nathanson, 161 Minn. 433, 201 N. W. 927, and cases cited; Elliason v. Western Coal & Coke Co. 162 Minn. 213, 202 N. W. 485, and cases cited; Dunnell, Minn. Dig. §§ 5842, 5843.

2. There are 48 assignments of error. About 15 relate to rulings on evidence.

There was no error in permitting the defendant Jansen to be called for cross-examination under the statute. He was a party and had answered and assumed to defend.

There was no error in receiving in evidence a written statement made by him after the accident. It was competent against himself and its effect, as well as the effect of his admissions in general, was limited by the court in its charge.

The court might well enough have permitted Jansen to be questioned as to statements contradictory of his written statement and have permitted a foundation to be laid out of order for such contradiction; but the holding of the trial court, resulting in a denial of the privilege, does not call for a reversal.

3. There were 30 requested instructions to charge. They were refused. The fact is, as stated by the court at the trial, that there was nothing complicated about the case. A party is entitled to a charge fairly presenting the issues. The court should give a requested instruction stating a correct proposition of law if it is materially applicable to the issues, or embody its principle in its general charge. Dunnell, Minn. Dig. §§ 9774, 9781. Sometimes a charge in the language of counsel may be very useful to the jury. Sometimes it is better that it be embodied in the general charge. An examination of the general charge shows that the presentation of the issues was complete. There was no error in refusing the instructions requested. There was no reasonable excuse for suggesting so many.

Order affirmed.