MYRTLE ROGERS, Appellee, v. LAGOMARCINO-GRUPE COMPANY et al., Appellants.

No. 41691.

APRIL 4, 1933.

Miller, Miller & Miller and Dutcher, Walker & Ries, for appellants.

W. J. Hayek and Messer & Nolan, for appellee.

ANDERSON, J.—The allegation of negligence as contained in appellee's petition was that the defendant's truck "was being operated by its employee, Vernon W. Boldt, defendant herein, in such a reck-

less, negligent and careless manner as that the said motor truck aforesaid was run against and into the automobile of this plaintiff." The petition further stating that the plaintiff was free from contributory negligence "and said injury and damage were the proximate result of the defendant's reckless, negligent and careless conduct as aforesaid."

The answer was a general denial, with a further contention that plaintiff's injury and damages were not proximately caused by any negligence of the defendants, but were contributed to by the negligence of the plaintiff herself.

No attack was made upon the plaintiff's petition and no motion was made to make the allegation of negligence, as therein contained, more specific; and no motion was made to withdraw the ground of negligence from the consideration of the jury or to direct a verdict. The case was tried and submitted to the jury upon the issues thus joined.

It appears from the record that on the afternoon of April 13, 1931, Myrtle Rogers, the appellee, was proceeding south from Cedar Rapids to Iowa City, driving an automobile on paved highway No. 161; that the paved highway was eighteen feet wide and had a black line in the center of it. The Rogers car was being followed by two cars, one driven by Harvey Secor, in which George Alberhaskey was a passenger. The defendant's truck was proceeding in the opposite direction. The Secor car, which was following and directly behind the Rogers car, passed the Rogers car on the left immediately before the accident. The defendant's truck had passed the three cars driven by Arthur Clark, Kenneth Emmons, and Don Lantz shortly before the accident, and in doing so it had pulled over to the left side of the pavement. The jury could have found that the truck was being driven at a rate of speed between forty and fifty miles an hour at the time of the accident. After pulling out to pass the cars in front of it, the truck was in the direct line of travel of Mrs. Rogers and the other cars coming toward it from the north, and the two cars traveling behind the Rogers car, which were in the act of passing the Rogers car, apparently were in imminent danger of colliding with the truck which was coming toward them, but succeeded in some way in passing between the truck and the Rogers car without accident or collision. The truck was driven partly off from the pavement on the left-hand side, and then, according to the plaintiff's testimony, headed back toward the center

of the pavement. Mrs. Rogers, in the emergency then confronting her, drove to the extreme right side of the pavement with part of her car upon the right-hand shoulder of the highway, and came into collision with the defendant's truck. There is evidence that Mrs. Rogers was driving her car at a speed of approximately twenty miles per hour, and that the truck was being driven at approximately forty-five miles per hour, and it did not slacken its speed to any appreciable extent until it came into collision with the Rogers car. There is no variance in the plaintiff's testimony as to the situation and happening of the accident. The testimony of Arthur Clark, who was following the truck and who saw the accident and the conditions under which it occurred, testified:

"All at once I seen him (the truck driver) swerve off and half of his truck go off of the pavement over on to the shoulder. He traveled that way for quite a ways and there were two cars came up between the two cars that were going to Cedar Rapids and the truck. They were going towards Iowa City, and when he (the truck driver) got up in front of this house he kinda turned back toward the pavement again and right there was where Mrs. Rogers' car and his came together, right in front of this house. From the time I saw the truck going up this hill towards the scene of this collision it did not decrease its speed at any time. All of that truck was not off of the pavement at any time. When the collision happened I was behind him and I pulled up and stopped. I saw Mr. Boldt, the driver of the truck, and he said, 'I was making forty-five miles an hour.' All. the Rogers car was on the paving except the right front wheel which was just fairly off the edge. Prior to the collision I had seen the Rogers car driving on the right-hand side of the pavement. I did not observe any swerving or changing of direction of the Rogers car prior to the collision. Immediately following the collision half of the truck was on the shoulder and half on the pavement and it was headed or kind of turned in toward the center. About half the truck was on the pavement at all times. Had the truck been opposite the cars that were going to Cedar Rapids at the time of the accident there would not have been sufficient room for the cars coming from Cedar Rapids to Iowa City to have passed between them. Mrs. Rogers could not have passed between them."

Like testimony was also adduced from the plaintiff's witnesses George Alberhaskey, Kenneth Emmons, and Don Lantz.

There was testimony of the truck driver that he had driven completely off from the pavement on the left-hand shoulder of the highway and was practically at a stop when Mrs. Rogers, having driven her car off of the pavement on the right-hand shoulder, came into collision with his truck. There was also some other testimony introduced by the defendants that would indicate that the collision occurred off of the pavement as claimed by the truck driver, but the circumstances of the accident, the position and manner of driving the car and truck involved, fairly presented a jury question both as to the negligence of the defendants and as to the contributory negligence of the plaintiff. And there was ample evidence in the record to warrant the jury in finding that the accident occurred as claimed by the plaintiff and as detailed by her witnesses, and with such finding we are satisfied. The appellants contend, however, that there were errors in the court's instructions in submitting the case to the jury sufficient to warrant a reversal.

Appellant's first contention is that the court erred in giving instruction No. VIII upon the subject of contributory negligence. This instruction was as follows:

"By contributory negligence is meant such negligence or want of reasonable care on the part of the party injured as was a co-operating cause and directly instrumental in causing or bringing about the damages in question upon her, and may consist in her voluntarily exposing herself to danger, or, in failing to avoid danger when the danger was known to her, or, when by the exercise of reasonable care and prudence on her part she would have discovered the danger in time to have avoided it; and it follows from this that although the defendant may have been guilty of negligence at the time, yet, if the plaintiff through her own negligence contributed to her damage, plaintiff can not recover."

Practically the identical instruction was approved by this court in the case of Albert v. Maher Brothers Transfer Company, 215 Iowa 197, 243 N. W. 561, 563, in an opinion written by Justice Kindig in which many cases were cited, reviewed, and analyzed. In that case, Justice Kindig again quoted the instruction selected by this court in the case of Towberman v. Des Moines City Railway Co., 202 Iowa 1299, 211 N. W. 854, as a model for future instructions, and noted the fact that such model had been followed and approved in Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346, and

O'Hara v. Chaplin, 211 Iowa 404, 233 N. W. 516. And we deem it expedient at this time to again call the attention of the trial courts to Justice Kindig's admonition, in the Albert v. Maher Brothers Transfer Co. case,

"To avoid confusion or uncertainty it will be well for trial courts to carefully follow this model in the future."

In the Albert case the trial court used the words "co-operating" and "instrumental", and we held in that case that the quoted words were properly utilized as they signify the equivalent of contributory. We also held in that case that there was no basis for complaint because the district court declared that the negligence which will bar appellee's recovery must contribute directly to the injury or damage. In the questioned paragraph VIII of the court's instruction in the case at bar, the court used the language, "co-operating cause and directly instrumental in causing or bringing about the damages in question."

It will be noticed that there is a slight change or variance in the language of the instruction under consideration and the one approved in the Albert case, but the use of the words "causing or bringing about" must be construed as conveying the same thought as "contributing to". Then again in the last sentence of the instruction we find this language:

"If plaintiff through her own negligence contributed to her damages" she cannot recover.

We hold, therefore, that there was no reversible error because of the giving of instruction No. VIII.

■ The appellants object to the giving of instruction No. XIV for the reason that the court did not explain therein what law appellee claimed the appellants were violating, and that at no place was appellee claiming violation of a speed statute.

In instruction IX the court definitely stated the speed statute which applied and covered the operation of trucks upon the highway, Code section 5029 (as amended by Acts 43d Gen. Assem. c. 128, section 2), as also the manner of driving trucks thereon; and in instruction No. XIV the court told the jury that if it found by preponderance of the evidence that the truck driver was violating any of the laws of the state "as claimed by plaintiff, and under the law as set out in these instructions, that then and in that event said

defendants would be prima facie guilty of negligence, and if such negligence was a direct and proximate cause of the damages, if any, to the plaintiff" then the defendants would be liable for such damages "provided the plaintiff was free from contributory negligence as herein instructed. You are instructed, however, that the simple fact that the defendant, Vernon W. Boldt, should violate any of the provisions of the laws of the State, as claimed by plaintiff and hereinbefore set out, would not render said defendants, or either of them, liable for damages, if any to the plaintiff, unless the violation of such law was a direct and proximate cause of the damages, if any, to the plaintiff."

It was stipulated by the parties that the defendant's truck was one which came under the provision of the latter part of section 5029 as amended; that it exceeded three tons in weight and was equipped with pneumatic tires.

In instruction No. IX the court gave the jury the law applicable to the circumstances in the case, and in instruction No. XIV told the jury that a violation of such law "at the time of the collision" would constitute negligence.

We find no error in the giving of instruction No. XIV.

Error is claimed in the giving of practically all of the instructions and in the refusal to give requested instructions. We have carefully examined all of the errors alleged and complaints made in this regard and are constrained to hold that we find no reversible error in the instructions as given by the trial court. The instructions were full and complete, both as to the claims of the plaintiff and as to the defenses of the defendants; and reading the instructions as a whole, as we must do, they were clear and concise, not contradictory or inconsistent, and should have been easily understood and applied by the jury.

Practically all of the contentions raised by the appellants were before this court in the case of Albert v. Maher Brothers Transfer Co., supra, and were there determined adversely to the claims now made by appellants. The rules laid down in the Albert case were followed by this court in Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569, and it would serve no purpose to again state the rules adopted by this court in cases of this kind and with like circumstances, and we reaffirm the rules adopted in the cited cases.

As we have indicated, the evidence in the case at bar amply supports the verdict returned by the jury. The case was submitted

to the jury by the trial court under proper instructions. We find no error in the record, and consequently the case must be, and it is, affirmed.—Affirmed.

All Justices concùr, except DONEGAN, J., who takes no part.