DOMINA KOURI v. OLSON-KEOGH PRODUCE COMPANY
AND ANOTHER.
MARY JOSEPH v. SAME DEFENDANTS.[1]

March 2, 1934.

Nos. 29,661, 29,662.

[1]Reported in 253 N. W. 98.

*Irving H. Green,* for appellants.
*Orr, Stark, Kidder & Freeman,* for respondents.

*I. M. OLSEN, Justice.*

Two negligence cases arising out of one automobile accident. The cases were tried together, and the jury returned verdicts for the defendants. Motions for new trials were denied, and the plaintiffs appeal from the order denying such motion in their respective actions.

■ The first question presented is whether the evidence is sufficient to sustain each verdict. The first case is by the administratrix of the estate of Martin Kouri, who was killed in the accident, to recover damages for his death and for damage to his automobile. The second case is by Mary Joseph to recover for personal injury to herself. She was a guest passenger in the automobile driven by decedent, and, as held by the court, was not chargeable with any negligence of the driver of the car and not guilty of any contributory negligence. In her case, the only issue was whether the defendant John Van Slooten, the driver of the truck owned by his codefendant, Olson-Keogh Produce Company, was guilty of any negligence causing or contributing to cause the accident. The jury by its verdict found Van Slooten not negligent. If that finding is sustained by the evidence, then the evidence sustains both verdicts. It is not within our province to retry the case on the evidence, and we need not set out the evidence in detail. We determine from the record whether there is evidence sufficient to sustain the verdicts. From the record here presented we find that the evidence sustains the verdicts.

■ A number of errors are assigned of misconduct of counsel for defendants in statements made in arguing objections to evidence, in his conduct in asking questions of witnesses, and in statements made by him in reference to the production of a witness named Roy Wildmo. These alleged errors are set out in detail under assignments numbered 3, 4, 5, 6, and 7. As to the alleged misconduct of counsel in asking questions of witnesses and in arguing objections to evidence, set forth in these assignments, the record discloses no objection thereto. The cases were sharply contested on the trial. Counsel for both sides indulged in more or less argument. We find nothing in these assignments amounting to misconduct on the part of defendants' counsel.

The witness Wildmo was riding with Van Slooten in the truck at the time of the accident and suffered some injury. Defendants' counsel had written him, at the place where he was staying in the northern part of the state, asking him to attend as a witness. He had not appeared up to the time plaintiffs rested their cases. Coun-

sel for defendants had received information that the witness had come to the office of plaintiffs' counsel in Minneapolis. He made inquiry of counsel as to where the witness was and whether he would produce him, and said if the witness were not produced he would ask continuance to have the sheriff look for the witness. The record does not show any objection to any statement made by defendants' counsel at that time. Later, before defendants rested, the witness appeared in the court room. Before calling the witness, defendants' counsel made this statement:

"I want to say to the court I have not had an opportunity to see Mr. Wildmo until just now. I want his testimony in this case, but I have a statement and I think he will testify accordingly, but I want to reserve the right to impeach him."

To this statement plaintiffs' counsel took exception as improper and asked the court to instruct the jury to disregard it. The court said: "The court will determine that after the witness is called." No subsequent ruling was asked or made. We see nothing improper in making this statement to the court in any event. The witness was called, and defendants' counsel was permitted some latitude in the way of cross-examination, and by impeachment of the witness by introduction of a statement made by him after the accident. No error is claimed in allowing such examination and impeachment. Selover v. Bryant, 54 Minn. 434, 56 N. W. 58, 21 L. R. A. 418, 40 A. S. R. 349. This witness having been injured in the accident, defendants' counsel could reasonably apprehend that he might be adverse. Yet, if he were not called, defendants might be blamed for not calling him.

■ Errors of the court are assigned upon explanatory statements made as to rulings, in making rulings on objections to evidence, and in remarks made to plaintiffs' counsel in connection with the examination of witnesses. These alleged errors are specified in assignment No. 8. It is not necessary to set them out here in detail. To several of them no objection was made and no exception taken. Others are found not errors or not important. An example may be given, where, in one instance, the court had four times sustained

objections to a line of questions, and, upon sustaining a fifth objection, said that it had had quite enough of that kind of questions and asked counsel: "Please don't ask any more." Counsel's retort was: "I have a right to put in the record what I think is proper."

■ A motion to strike out a part of the testimony of the defendant Van Slooten was denied. The evidence was in without objection. There was no error.

■ Errors are assigned upon the charge of the court in reference to the width of the defendants' truck, but the court corrected any error in that respect on attention being called thereto.

■ It is claimed that no foundation was laid for the introduction of a certain photograph showing skid marks. The matter of the sufficiency of the foundation is largely for the trial court. There was other evidence relating to the skid marks and connecting them with those shown on the picture. No prejudice appears.

■ The witness Lord was permitted to testify as to there being a keg of liquor and a bottle containing a few drops of liquor in the back seat of the automobile driven by Mr. Kouri. There was evidence that at the time of the accident Mr. Kouri was preparing to give a party; that he was sitting slumped over the steering wheel; that the car he was driving ran over onto his left, or wrong, side of the pavement and ran into the side of the truck; and that the plaintiff Mary Joseph made the statement, after the accident, that Kouri must have been asleep. The evidence had some bearing on the question of whether the accident was caused wholly by the negligence of Kouri and whether he was under the influence of liquor. We cannot hold that there was reversible error, if any.

■ Plaintiffs' counsel presented some 38 requests to charge. Most of them were covered by the general charge. Complaint is made because the court did not mark any or all of these requests as given, refused, or modified. There was no occasion for presenting such a number of requests. If the presentation of the issues by the general charge was complete, there would be no error in refusing to give the requests. Sohns v. M. B. Hubbard Grocery Co. 163 Minn. 187, 203 N. W. 782. It is not shown that counsel asked any information from the court as to what had been done with

these requests or as to which were refused or which were to be given. The failure of the court to mark the requested instructions, in and of itself, cannot be held prejudicial error. The most that can be said is that if any of these requested instructions were such that, in addition to its general charge, the court was required as a matter of law to give them, in order fairly and sufficiently to present all issues in the case to the jury, then it was error not to give such requests.

■ Plaintiffs' counsel has selected six of these requests, which he claims the court erred in failing to give. The first two so selected, as far as applicable to the facts, are fairly covered by the general charge. They are also incomplete as ignoring the element of probable cause. The third is a cautionary instruction, which the court was not required to give. The fourth is an instruction on the question of an emergency, of which there is not sufficient evidence to have the question submitted to the jury. The fifth is an instruction to charge, as a matter of law, that decedent was not under the influence of liquor. And the sixth is an instruction that the jury, in arriving at its verdicts, is not to take into consideration the fact that there was intoxicating liquor in the automobile of the decedent, Kouri. Part of the evidence on that question is considered in section 7 hereof and need not be restated. We find no reversible errors in the failure to give these requested instructions.

The court gave full and fair instructions as to the question of defendant Van Slooten's claimed negligence and as to proximate cause of the accident. It charged that the jury was to determine whether the truck driver had the truck under reasonable control or did negligently fail in that respect; whether the truck was driven at a reasonable and prudent speed or was going at a negligently high rate of speed; whether the driver of the truck failed to yield at least one-half of the paved or main traveled portion of the highway or negligently encroached upon his left or wrong side of the center line of the highway; and whether the driving of the truck, with a width in excess of eight feet, had any causal effect upon the happening of the accident. The court, in other parts of the charge, had pointed out that the width of the truck, in excess of

eight feet, was unlawful, but if such excess width did not cause or contribute to the happening of the accident then it was not material. The court then instructed that if the jury found the truck driver negligent in any one or more of the particulars so pointed out and that such negligence proximately caused or contributed to the happening of the accident then plaintiffs were entitled to recover, except that in the action for the death of Kouri, if he were found guilty of contributory negligence, his administratrix could not recover. The court fully and correctly charged on the question of Kouri's contributory negligence, and that, as to Mary Joseph, she was not guilty of any contributory negligence.

Stress is laid upon plaintiffs' claim that defendants' truck was some two inches wider than eight feet. This may be conceded. Counsel says nothing about the question of proximate cause in this connection. Defendant Van Slooten testified that when he saw the Kouri car approaching some 200 feet distant he noticed that it was on or headed towards the wrong side of the pavement, that he then turned out to his right, slowed up, and had his truck completely off the pavement and on the shoulder of the road at the time the Kouri car struck the side of the truck. The position of the truck and car after the accident and the evidence as to wheel tracks materially corroborate his testimony. After the accident, both the truck and the car were off the pavement on Van Slooten's side thereof. If the collision happened on Kouri's side of the center of the pavement, as claimed by plaintiffs, it is difficult to explain how both the truck and the car came to be in that position. The court was correct in its charge, that if the excess width of the truck did not cause or contribute to the accident, that fact was not material.

Orders appealed from are affirmed.

*DEVANEY, Chief Justice,* absent in attendance upon board of pardons, took no part.