JOSEPH BECVAR, Appellee, v. H. E. BATESOLE, Appellant.

No. 42414.

SEPTEMBER 18, 1934.

F. E. Northup, for appellant.

E. N. Farber, for appellee.

KINTZINGER, J.—The collision in this case occurred April 10, 1929, in Marshalltown, Iowa, between a city truck and an automobile driven by the defendant. At the time the plaintiff, appellee, was employed in the sewer department of the city of Marshalltown, Iowa. In the forenoon of that day, plaintiff and two fellow employees were returning from sewer work to the city tool house. Mr. Anderson, one of the employees, was the superintendent of sewers, and driver of the truck. The city truck was traveling east on State street, and the defendant's car was traveling north on First street in the business district of the city. The collision occurred near the northeast corner of State street and First street.

There is a sharp conflict in the evidence as to which vehicle entered the intersection first, and as to their rate of speed. Plaintiff and his witnesses testified that the defendant's car was traveling north on First street and was about 75 feet south of the intersection when the city truck, traveling east, was entering the intersection. The witnesses for defendant testified to the contrary. The witnesses for each side testified that their vehicle was being driven within the speed limit. It was the purpose of the city truck to proceed several blocks eastward on State street, and the purpose of the defendant to drive several blocks northerly on First street. Both parties claim that they entered the intersection first, and there is testimony to support each side. This question was therefore one for the jury.

The negligence alleged was that defendant was driving at an excessive rate of speed and greater than that permitted by the ordinances of the city of Marshalltown. The city ordinance fixes the maximum speed limit at 15 miles per hour in the business district. The collision occurred in the business district of the city. Plaintiff further alleges, in substance, that defendant was guilty of negligence in not keeping a proper lookout and driving his car in disregard of the rights of vehicles approaching First street from the west, and in not having his car under sufficient control to avoid colliding with the truck in which plaintiff was riding and which had already entered the intersection. Plaintiff's witnesses Anderson and Carlson both testified that defendant's car was being driven at a speed of 25 or 30 miles an hour, and that their truck was traveling about 15. Defendant's witnesses testified to the contrary. The record shows that plaintiff was sitting on the floor of the cab with the right door wide open, his feet hanging out of the truck. Plaintiff was facing south, and saw the defendant's car coming

north on First street. The evidence shows that plaintiff received bodily injuries which disabled him from the performance of his work for over two months. At the conclusion of the evidence, the case was submitted to the jury, and verdict and judgment of $221 was rendered against the defendant, from which he appeals.

■ I. Appellant contends that the court erred in giving instruction No. 2 because it did not properly submit the issue of contributory negligence alleged in defendant's answer. Among the issues submitted in instruction No. 1, the court told the jury "that *plaintiff in his petition alleged that he was in the exercise of due care on his part at the time the collision occurred.*" Instruction No. 3 tells the jury that "before the plaintiff can recover herein he must establish by a preponderance of the evidence, * * * (3) that the plaintiff was free from negligence which caused or contributed * * * to * * * the injury and damage of which he complains." Instruction No. 2 tells the jury that the defendant in his answer denied each and every allegation in plaintiff's petition. This puts in issue the question of contributory negligence. Instruction No. 4 tells the jury that "a person is charged with contributory negligence when such person * * * is himself negligent, and such negligence either causes or contributes * * * to * * * the injury and damage of which he complains." Instruction No. 14 tells the jury that, "if the plaintiff failed to exercise * * * ordinary care for his own safety and such failure * * * caused or contributed * * * to * * * the injury and damage * * * plaintiff cannot recover." The terms "negligence" and "ordinary care" were properly explained to the jury in the instructions. The instructions must be construed together. From an examination of these instructions, it is apparent that the court fully submitted the issue of contributory negligence, and we find no error therein.

■ II. Appellant also contends that the court erred in giving instruction No. 3 because it assumes that plaintiff entered the intersection first. The instruction complained of is as follows:

"It appears without dispute herein that State street * * * is a public highway running east and west * * * and that North First street is a public highway running north * * * and intersects with State street. That on April 10, 1929, plaintiff was a passenger in a Ford truck owned by the City of Marshalltown * * * and that said Ford truck passed into the intersection of State street and North First street; that at the same time the de-

fendant, H. E. Batesole, was driving his * * * automobile north on North First street and entered the intersection of North First street with State street, and that at a point near the east line of the intersection there was a collision between said Ford truck and the defendant's automobile."

It is claimed that this instruction is erroneous because it assumes that plaintiff entered the intersection first.

A reading of this instruction will show that it was evidently not intended as a statement as to which of the parties entered the intersection first, but rather that a collision occurred in the intersection. While the instruction should have been more specific, we think it was not sufficiently prejudicial to constitute error.

III. Appellant complains of instruction No. 11 with reference to the right of way at intersections. Instruction No. 11 is as follows:

"Section 5035 of the Code * * * is as follows: 'Preference at intersections: Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way.'

"The fact that the Ford truck was approaching the intersection * * * from the west, and the defendant * * * was approaching the same intersection from the south, does not necessarily mean that the defendant had the * * * right to first proceed through the intersection. Whether defendant had such preference depended on the other facts then and there existing. A party approaching an intersection * * * and not having the right of way is required to exercise reasonable diligence to ascertain, if another with a right over * * * the intersection superior to his, is approaching. In other words, he is bound to approach the intersection on the look-out, prepared to yield the right of way, if necessary, to a car approaching from his right; but in approaching such an intersection a *traveler may assume that one approaching * * * is traveling at a lawful rate of speed, unless from his observation he is apprised to the contrary* [italics ours]; and, likewise, a traveler approaching an intersection under circumstances entitling him to the right of way may assume that a traveler upon the intersecting highway will comply with the law, and grant him the right of way, unless, from all of the circumstances, and his observation, he is

apprised to the contrary. Rules of the road prescribed by statute must be read in the light of the facts and in the light of common sense. The right of precedence at an intersection, whether given by law or established by custom, has no proper application, except where the vehicles on the intersecting street approach the crossing so nearly at the same time and at such rates of speed that, if both proceed, each without regard to the other, a collision between them is reasonably to be apprehended.

"If a traveler not having such right of precedence comes to the intersection and finds no one approaching upon the other street within such distance as reasonably to indicate danger of collision, he is under no obligation to wait or stop but may proceed to use such crossing, as a matter of right."

The complaint against this instruction is that it changes the meaning of the statute, was wrong in its application to the evidence, and misleading to the jury. In this instruction the court says:

"If a traveler, not having the right of way, comes to an intersection and finds no one approaching upon the other street within such distance as reasonably to indicate danger of collision, he may proceed as a matter of right, *unless from his observation he is apprised to the contrary.*"

It may have been more explicit if it had also stated the converse by adding thereto a statement "that where one approaching from the left finds someone approaching upon the other street, from the right, in such a manner that their paths might intersect, then the person approaching from the left is under obligation to give the right of way to the one approaching from the right."

Although the instruction given does not accurately state the converse, it does say: "And likewise a traveler approaching an intersection under circumstances entitling him to the right of way may assume that a traveler upon the intersecting highway will comply with the law, and grant him the right of way, *unless from all of the circumstances, and his observation, he is apprised to the contrary.*"

The instruction given is good as far as it goes, and, if a more explicit instruction was desired, it should have been requested. In the absence of a request therefor, the failure to enlarge upon it was not erroneous. We think that all of the instructions given, when construed together, fairly state the correct rules of law applicable

to the facts disclosed by the evidence in this case and are not prejudicial. While the instruction given may not be a model of accuracy or precision, we do not deem it sufficiently prejudicial to warrant a reversal.

IV. Among the errors complained of are some with reference to the lower court's ruling on questions of evidence. One related to the admission of evidence of speed over appellant's objection that the proper foundation had not been laid. An examination of the record, however, shows that the witness had observed traveling automobiles with a view of estimating their speed. He testified that he could estimate the speed of automobiles, and said defendant's car was traveling 25 or 30 miles an hour. We think the witness was sufficiently qualified. Other rulings on evidence are complained of. We have examined them all, but find no prejudicial error therein.

Other errors are assigned. We have examined them all, but find no error therein.

For the reasons hereinabove pointed out, the judgment of the lower court is affirmed.

MITCHELL, C. J., and STEVENS, DONEGAN, and ANDERSON, JJ., concur.