[File No. Cr. 159.]

## STATE OF NORTH DAKOTA, Respondent, v. MATT F. BOEHM, Appellant.

(279 N. W. 824, 116 A.L.R. 547.)

Opinion filed May 24, 1938.

*P. J. Engeseth,* for appellant.

*Alvin C. Strutz,* Attorney General, and *James M. Hanley, Jr.,* State's Attorney, for respondent.

MORRIS, J. The defendant was bound over for trial to the district court by the police magistrate of the city of Mandan after a preliminary hearing. The charge which he was held to answer was described in the order of the committing magistrate as follows:

"Failure to stop his vehicle involved in an accident resulting in injury to a person, or to render aid to such injured person."

The state's attorney filed an information in district court charging the defendant with committing the crime of reckless driving upon the same facts as those involved in the complaint before the magistrate. The defendant did not move to quash or set aside the information, but objected to the introduction of testimony upon the ground that the information did not charge a crime upon which the defendant had been given a preliminary hearing. This objection was overruled and upon a trial before a jury the defendant was convicted of the crime charged in the information.

A preliminary examination although not guaranteed by the Constitution is a substantial right to which one accused of crime is entitled. The right is one which may be waived either expressly or by conduct. One against whom a criminal information is filed and who

has not had a preliminary examination upon the crime charged and has not waived such an examination, may move to quash the information. N. D. Comp. Laws, 1913, § 10728; State v. Winbauer, 21 N. D. 161, 129 N. W. 97; State v. Riley, 26 N. D. 236, 144 N. W. 107. A preliminary examination does not determine the guilt or innocence of the accused and a want of such an examination has no bearing upon the issue of guilt. When the accused is called upon to plead to an information and then makes no objection that he has not had a preliminary examination upon the crime charged, but enters his plea, he waives such examination with the same force and effect as though he had made such waiver when brought before a committing magistrate. N. D. Comp. Laws 1913, § 10729; State v. Ehr, 64 N. D. 309, 252 N. W. 60; State v. Stepp, 48 N. D. 566, 185 N. W. 812; Stetson v. State, 204 Wis. 250, 235 N. W. 539; People v. Williams, 93 Mich. 623, 53 N. W. 779; Dinsmore v. State, 61 Neb. 418, 85 N. W. 445; 31 C. J. 875.

Upon the record before us the defendant cannot now complain upon appeal that he had no preliminary hearing. His plea of not guilty, which he entered without moving to quash or set aside the information upon which he went to trial, precludes him from raising that question on appeal.

As a part of the state's case, the state's attorney caused to be read in evidence and introduced a transcript of the testimony of a witness who testified at the preliminary hearing but who had died prior to the trial. After a foundation had been laid by showing that the witness was now dead and that at the preliminary examination she had been duly sworn and her testimony taken in shorthand and transcribed, the transcript was introduced and read. The defendant did not object to the introduction of this evidence after the state had laid its foundation therefor, but after it had been received the defendant moved to strike it from the record upon the ground that the testimony of the deceased witness was given in the magistrate's court upon preliminary hearing under a different charge than that presented by the information. The motion to strike was denied. The appellant now predicates error upon the denial of the trial court of his motion to strike. We do not pass upon the question as to whether this evidence should have been admitted over a seasonable objection. A motion to

strike evidence which has been admitted without objection is addressed to the discretion of the trial court when the question raised by the motion is the same as that which would have been raised by a timely and proper objection, and the moving party is not shown to have been taken by surprise by the answers to the questions. Priestley v. Law, 33 N. M. 176, 262 P. 931; State v. Stewart, 34 N. M. 65, 277 P. 22; State v. Breyer, 40 Idaho, 324, 232 P. 560. The defendant having failed to object to the reading of the testimony of the deceased witness into the record, and the introduction of the transcript in evidence, the trial court did not err in denying the motion to strike. Cretors v. Troyer, 63 N. D. 231, 247 N. W. 558; State ex rel. Olson v. Royal Indem. Co. 44 N. D. 550, 175 N. W. 625; Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847; Kouri v. Olson-Keogh Produce Co. 191 Minn. 101, 253 N. W. 98.

The defendant urges that the evidence is insufficient to sustain the verdict of the jury. The record shows that on the afternoon of October 31, 1936, one Sherman Melarvie had parked a truck in front of the Memorial Building in the city of Mandan. The truck was parked on the north side of First Street facing west about fifty feet west of the intersection with a street that runs north and south. Melarvie was standing on the running board leaning into the truck repairing the switch when the defendant, who was driving his car north, turned to the left on First Street at the intersection, and collided with the truck with sufficient force to throw Melarvie to the ground and severely injure him. Several witnesses testified that the Boehm car rounded the corner at a high rate of speed and swerved first to the left and then to the right and struck the truck. The left rear wheel of the truck was broken, the truck was pushed forward about ten feet up to a lamp post, and the right rear wheel was resting on the boulevard after the collision.

The statute under which the defendant was prosecuted is § 3 of chapter 162, N. D. Session Laws 1927, and reads as follows:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving. . . ."

344

Our examination of the evidence shows that it is ample to sustain the verdict of the jury finding the defendant guilty of reckless driving as defined in the foregoing statute.

Affirmed.

CHRISTIANSON, Ch. J., and BURR and NUESSLE, JJ., and ENGLERT, Dist. J., concur.

Mr. Justice SATHRE, being disqualified, did not participate. Hon. M. J. ENGLERT, Judge of First Judicial Dist. sitting in his stead.