ROBERT DOYLE SMITH, Appellee, v. RUTH D. PINE et al., Appellants.

No. 46360.

December 14, 1943.

Edmund D. Morrison, Jr., of Washington, and M. F. Hicklin, of Wapello, for appellants.

Baldrige & Bailey, of Washington, for appellee.

Garfield, J.—The collision occurred February 10, 1942, about 10:30 a. m., on paved primary Highway 92, some five miles west of Washington, Iowa. Plaintiff, a farmer, accompanied by his wife, was driving toward Washington, rounding a curve from north to east. Defendant Mrs. Pine, wife of an auto dealer, driving west away from Washington, was rounding this curve from east to north when the cars collided. Both drivers suffered serious permanent injuries and the two cars were badly wrecked. Each driver contends and offered evidence that the collision occurred on his or her right side of the center of the highway. Both plaintiff's petition and defendants' counterclaim were submitted to the jury, which returned a verdict for

plaintiff for $3,949. Defendants' motion for new trial and exceptions to instructions were overruled and judgment was entered on the verdict. Defendants have appealed.

■ I. Most of the complaints are against the court's instructions. Defendants requested no instructions. We find that none of the exceptions to instructions present reversible error.

Defendants strenuously challenge Instruction 14, dealing with the measure of plaintiff's recovery. They say it fails to limit the jury to such damages as were shown by a preponderance of the evidence to have been the direct result of defendants' negligence. In the light of all the instructions, the objection is not well taken.

Instruction 14 states:

"* * * the burden of proof is upon the plaintiff to establish by a preponderance of the evidence, the amount of each element of his damage as claimed by him in his petition. If, under the evidence, guided by these instructions, you find for plaintiff * * * you will then proceed to determine from the evidence, the amount of his recovery * * *."

No. 16 tells the jury:

"* * * only allow for such injuries as you find to be the proximate result of the negligent act or acts of the defendant * * *."

Instruction 2 states:

"* * * before the plaintiff can recover he must establish by a preponderance of the evidence * * * that the negligence of said defendant, if you so find, was the proximate cause of the injury and damage to plaintiff, if any."

Instruction 37 tells the jury they must determine the facts from the evidence alone; that all the applicable law was not contained in any one instruction but that all should be considered together.

We think these instructions, construed as a whole, sufficiently tell the jury, in effect, to allow only such damages as were shown by a preponderance of the evidence to have been

proximately caused by defendants' negligence. Angell v. Hutchcroft, 231 Iowa 1057, 3 N. W. 2d 147; Jakeway v. Allen, 227 Iowa 1182, 1188, 290 N. W. 507; Winter v. Davis, 217 Iowa 424, 438, 251 N. W. 770; Danner v. Cooper, 215 Iowa 1354, 1366, 246 N. W. 223.

II. It is contended Instruction 14 erroneously submitted to the jury items of damage totaling $11,099, when the petition asked only $10,949. The petition alleges various items of damage, totaling $10,949. This includes one item of $250 for future medical expense which was not submitted to the jury, apparently for lack of support in the evidence. By amendment to the petition plaintiff claimed $400 for four months' loss of time but the total amount of the prayer was not enlarged. This $400 item was submitted to the jury, with the result that the items of damage submitted totaled $150 more than the amount of the prayer. However, Instruction 15 tells the jury not to allow more than $10,949, the amount claimed in the petition. Instruction 14 carefully limits the jury to the amount claimed for each item of damage. Since the verdict was for $3,949, it is apparent there was no prejudice because the items of damage submitted total $150 more than the amount of the prayer. Danner v. Cooper, 215 Iowa 1354, 1364, 246 N. W. 223; McQuillen v. Meyers, 213 Iowa 1366, 1369, 1370, 241 N. W. 442; Siesseger v. Puth, 211 Iowa 775, 780, 234 N. W. 540.

III. It is urged there was no evidence to warrant submission of the claim for $400 for loss of time. Plaintiff suffered a broken leg and kneecap and one ear was nearly torn off. It was shown that he was incapacitated for more than four months and that his services were worth $100 to $125 per month. This was clearly sufficient to warrant submission of this item of damage.

IV. Instruction 14 authorizes recovery, if the jury so found, for pain and suffering that plaintiff "may have suffered in the past" and also "that he may suffer in the future." This is objected to because the allowance for future pain and suffering was not limited to such damages "as were reasonably certain to be caused by the injury." This expression or its equivalent should have been included. The use of the word "may" was unfortunate. There can be no recovery for future pain and

suffering unless reasonably certain to result from the injury. Williams v. Clark County, 143 Iowa 328, 120 N. W. 306; Duncan v. Iowa Ry. & L. Co., 194 Iowa 469, 479, 187 N. W. 486; 25 C. J. S. 884, section 185c.

Instruction 16 states:

"* * * the allowance of damage is to compensate the injured party only; and in arriving at your verdict you should *not* * * * *resort to speculation or conjecture;* and only allow for such injuries as you find to be the proximate result of the negligent act or acts of defendant." (Italics supplied.)

As heretofore stated, an earlier part of No. 14 directed the jury to determine from the evidence the amount of plaintiff's recovery.

In view of the cautions governing the award of damages in Instruction 16, and the direction in No. 14 and elsewhere that such award be determined from the evidence, we think the omission of which defendants complain is not reversible error. The evidence leaves no doubt that plaintiff's kneecap was permanently injured, and defendants say no claim is made that the size of the verdict resulted from passion or prejudice. Duncan v. Rhomberg, 212 Iowa 389, 402, 236 N. W. 638; Woodworth v. Iowa Cent. Ry. Co., 170 Iowa 697, 717, 149 N. W. 522; 25 C. J. S. 884, section 185c; annotations 81 A. L. R. 423, 454, 85 A. L. R. 1010, 1028.

V. Instruction 14 authorizes recovery, in the event of a finding for plaintiff, of the fair and reasonable value of plaintiff's car at the time of its destruction, not exceeding $175, the amount claimed in the petition. It is said this permits an excessive recovery for this item. It was shown that plaintiff's car was totally destroyed and was of no value except for junk, outside of three tires that plaintiff salvaged. Plaintiff testified the car "was worth about $175 before the collision and about 75¢ afterwards." A garageman testified for plaintiff that the car was worth $375 to $400 before the collision and "not over $40 to $50" after the collision, including the tires. This last testimony is the basis of defendants' complaint against this portion of the instruction.

We are not disposed to reverse the case nor to require a

remittitur of $50 because of this complaint. The total permissible recovery for this item was well within what was allowable under the evidence, even if the court had instructed in accord with defendants' contention that the damages should be reduced by the salvage value. The measure of recovery for the total destruction of an automobile is its reasonable market value immediately prior thereto. Langham v. Chicago, R. I. & P. Ry. Co., 201 Iowa 897, 901, 208 N. W. 356; Bush v. Chicago, R. I. & P. Ry. Co., 216 Iowa 788, 795, 247 N. W. 645. The question of allowance for salvage of an automobile that has been totally wrecked seems never to have been considered by us. We have considered the allowance of salvage following the wrongful destruction of animals in Miller v. Economy Hog & Cattle Powder Co., 228 Iowa 626, 640, 293 N. W. 4.

VI. It is contended, since the court did not submit the item of $250 for future medical expense, that Instruction 15 should have limited total recovery to $10,699—$250 less than the amount of the prayer. In view of the size of the verdict, defendants suffered no prejudice in this respect. See cases cited in Division II.

VII. Instruction 1, a summary of the submitted issues, does not state in so many words that plaintiff alleged his freedom from contributory negligence. It does state, however, that plaintiff claimed he was operating his car in a careful and prudent manner on his right side of the highway. It is contended this had the effect of eliminating the issue of plaintiff's freedom from contributory negligence. Defendants did not raise this question in the court below by exceptions to instructions and are not entitled to have it considered here. Section 11495, Code, 1939; Cody v. Toller Drug Co., 232 Iowa 475, 5 N. W. 2d 824, 827, and cases cited. Nevertheless, the contention lacks substantial merit. The statement in Instruction 1 sufficiently indicates plaintiff's alleged freedom from contributory negligence. At the end of this instruction the court states:

"Such are the issues between the parties hereto, and as to which you are hereinafter more fully instructed."

The remaining instructions fully cover the matter of contributory negligence. Becvar v. Batesole, 218 Iowa 858, 860,

256 N. W. 297; Stokes v. City of Sac City, 162 Iowa 514, 522, 144 N. W. 639; Roth v. Buettell Bros. Co., 142 Iowa 212, 218, 119 N. W. 166.

■ VIII. Defendants' complaint against Instructions 2 and 3 is that they do not place the burden of proof upon plaintiff. It is true they do not so state in those words. However, Instruction 2 does say that before plaintiff can recover he must establish by a preponderance of the evidence the negligence of defendant, proximate cause, freedom from contributory negligence, and damage, and that if he fails so to establish any of these four propositions the verdict should be for defendants. Other instructions require, in order for plaintiff to recover, an affirmative finding by a preponderance of the evidence on each of these propositions. Instruction 3 defines preponderance of the evidence. The effect of these instructions clearly is to place the burden of proof upon plaintiff. Burden of proof in a case of this kind means merely the obligation resting upon a party to prove an allegation by a preponderance of the evidence.

■ IX. Two charges of negligence made by plaintiff against defendants were submitted by Instructions 8 and 9— failure to yield to plaintiff half the traveled part of the highway by turning to the right, in violation of section 5024.02, Code, 1939, and failure to reduce speed to a reasonable and proper rate when approaching and traversing a curve, in violation of section 5023.04. Like charges of negligence made in defendants' counterclaim against plaintiff were also submitted. Defendants complain because in Instructions 8 and 9 these two charges of negligence are somewhat paraphrased. This was done apparently to enable the jury to understand them more readily and was entirely proper. McKlveen v. Townley, 233 Iowa 328, 7 N. W. 2d 186, 187, and cases cited; Danner v. Cooper, 215 Iowa 1354, 1368, 246 N. W. 223.

Instruction 9 requires plaintiff to prove not only failure of Mrs. Pine to reduce her speed to a reasonable and proper rate in approaching and traversing the curve but also that she was driving at excessive speed. Another charge of negligence in the petition, not submitted, relates to excessive speed. This additional requirement of Instruction 9 was not prejudicial to de-

fendants and was apparently inserted because of our holdings that section 5023.04 does not necessarily demand a *reduction* of speed but only reasonable and proper speed under existing circumstances. Sanford v. Nesbit, 234 Iowa 14, 11 N. W. 2d 695; Coon v. Rieke, 232 Iowa 859, 6 N. W. 2d 309, 310, 311, and cases cited.

■ X. Instruction 8 tells the jury that failure of Mrs. Pine to yield half the traveled way by turning to the right when meeting plaintiff's car would constitute prima facie evidence of negligence. It is contended the term "prima facie" should have been defined. The court might well have defined the term or explained its meaning. However, in the light of the entire instruction, the jury could hardly have been misled. Wolfe v. Decker, 221 Iowa 600, 604, 266 N. W. 4. See, also, Burk v. Creamery Pkg. Mfg. Co., 126 Iowa 730, 736, 102 N. W. 793, 106 Am. St. Rep. 377.

■ XI. Instruction 11, stating that plaintiff could not recover if he was guilty of negligence which contributed to the collision and his damage, is objected to because the jury was not told that plaintiff could not recover if his negligence contributed *in any way or any degree directly* to his injuries and damage. Instruction 7 defines contributory negligence as a failure of an injured party to exercise ordinary care, which in some manner contributed to the injury. Instruction 12 states that plaintiff must show his freedom from negligence which contributed in any manner to his injuries and damage.

We have frequently commended, for use in instructions, the statement of the contributory-negligence rule that " 'if the injured party contributed in any way, or in any degree directly to the injury, there can be no recovery.' " Yance v. Hoskins, 225 Iowa 1108, 1118, 281 N. W. 489, 494, 118 A. L. R. 1186. See, also, Bobst v. Hoxie Truck Line, 221 Iowa 823, 829, 267 N. W. 673, and cases cited; Albert v. Maher Bros. Trans. Co., 215 Iowa 197, 201, 243 N. W. 561. We have consistently held, however, that substantially the same language used by the trial court presents no reversible error. See cases last above. Also, Swan v. Dailey-Luce Auto Co., 221 Iowa 842, 845, 265 N. W. 143; Becvar v. Batesole, supra, 218 Iowa 858, 860, 256 N. W. 297; Rogers v. Lagomarcino-Grupe Co., 215 Iowa 1270, 1273,

. 248 N. W. 1. For cases on contributory-negligence instructions, see annotation 102 A. L. R. 411.

XII. Three assigned errors relate to rulings on questions of evidence. Plaintiff was thrown out of his car by the collision. Defendants offered to prove that when plaintiff was picked up, a pint bottle about half full of whisky-colored liquid lay on the ground beneath him; his wife picked up the bottle, and also another flat pint bottle, from the ground at the rear of defendants' car, which she put in the glove compartment of plaintiff's car; a witness smelled whisky "at the Smith car"; later, plaintiff was seen leaning out of his car pouring liquor of some kind from a bottle. The court sustained plaintiff's objections to the offered proof. Mrs. Smith's picking up the bottle from beneath plaintiff and his pouring out the contents of a bottle were shown by defendants but the testimony was stricken on motion. The questions did not reveal the nature of the answers. Before making their offer of proof, defendants' counsel asked some other questions regarding these bottles, in the presence of the jury, but objections to the questions were sustained. The above rulings are assailed.

There was no evidence that plaintiff had been drinking unless the offered proof raises such an inference. The witness by whom defendants offered to prove most of the above facts was first to arrive at the scene of the collision and assisted plaintiff into his car. Neither he nor any other witness testified he smelled liquor on plaintiff's breath or made any observation to indicate plaintiff had been drinking. As stated, the collision occurred about 10:30 a. m. Plaintiff and his wife were going from their farm to a near-by town to see his mother, who was not well.

The trial court usually has considerable discretion in ruling on the admissibility of circumstantial evidence. Hayes v. Stunkard, 233 Iowa 582, 10 N. W. 2d 19, 23; 31 C. J. S. 871, 872, section 161. It is true a wide latitude is generally allowed in admitting it, especially where direct evidence is lacking. Ibid. The test for determining its admissibility is that the offered proof must lead to a reasonable inference and not a mere suspicion of the existence of the fact sought to be proven. 31 C. J. S. 871, 872, section 161; 20 Am. Jur. 258, section 271; Johnston v.

Calvin, 232 Iowa 531, 5 N. W. 2d 840, 843. We are not prepared to hold that the rejection of the offered proof was such an abuse of discretion as to require a reversal.

Evidence that plaintiff was under the influence of liquor or had been drinking was doubtless admissible as bearing on the care he exercised. State v. Graff, 228 Iowa 159, 174, 290 N. W. 97. We think, however, the offered proof raises no more than a suspicion or conjecture and affords insufficient basis for a reasonable inference that plaintiff had been drinking. The mere presence of these bottles could not have caused or contributed to the collision. No decision has come to our attention which holds it reversible error to reject such testimony in the absence of evidence that the driver had been drinking. In some cases the finding of liquor in the car has been held properly admissible, but there was evidence either of intoxication or that the driver had been drinking. See Kouri v. Olson-Keogh Prod. Co., 191 Minn. 101, 253 N. W. 98; Kull v. Advance-Rumely Thresher Co., 209 Wis. 565, 245 N. W. 589. In such cases proof of the presence of liquor strengthens the evidence of intoxication or drinking. In 9 Blashfield, Automobile Law and Practice, Perm. Ed., section 6186, it is said:

"It has been held that evidence of the presence of liquor in an automobile is inadmissible where there is no evidence that the driver of the automobile was drinking * * *."

See, also, Bailey v. Fredericksburg Prod. Assn., 229 Iowa 677, 683, 684, 295 N. W. 122, 125.

XIII. Defendants offered to prove as res gestae that Mrs. Pine said, upon arriving at the hospital in a state of shock, that she was on her side of the highway and the Smith car was on its wrong or left side of the highway when the cars collided. The refusal of the offer was not an abuse of discretion. It was not shown how soon after the collision Mrs. Pine was taken to the hospital. It is doubtful if the offered statement was spontaneous. It is a narration somewhat in the nature of a conclusion as to who was to blame for the collision. Mrs. Pine testified fully as to her version of what happened and the offer added nothing thereto. The trial court has considerable discretion in determining what is admissible as res gestae. Page v.

City of Osceola, 232 Iowa 1126, 5 N. W. 2d 593, 595, and cases cited; 32 C. J. S. 22, section 403; 20 Am. Jur. 557, section 663; 9 Blashfield, Automobile Law and Practice, Perm. Ed., section 6251; 5 Berry, Automobiles, 7th Ed., section 5.266.

XIV. On rebuttal the deputy sheriff testified for plaintiff that the day after the collision Mrs. Pine told him she did not know how fast she was driving at the time but her usual speed was about fifty miles per hour, and she did not remember the position of the cars on the pavement. Defendants' objections as immaterial and not rebuttal were overruled. On cross-examination Mrs. Pine had testified without objection from her counsel to this conversation with the officer. Defendants now contend that the statement testified to by the deputy sheriff was confidential, under section 5020.11, Code, 1939, as part of an accident report to a peace officer. McBride v. Stewart, 227 Iowa 1273, 1277, 290 N. W. 700, is cited. See, also, Bachelder v. Woodside, 233 Iowa 967, 9 N. W. 2d 464, 467. It is sufficient answer that the objection now urged was not made below when this testimony was offered. Handlon v. Henshaw, 206 Iowa 771, 773, 221 N. W. 489; Jordan v. Cedar Rapids & Marion City Ry. Co., 124 Iowa 177, 180, 99 N. W. 693; Kelly v. Incorporated Town of West Bend, 101 Iowa 669, 674, 70 N. W. 726. No claim is made here that the objection made when the testimony was offered should have been sustained.

In any event, little if any prejudice could have resulted from the ruling. Mrs. Pine's testimony regarding this conversation does not greatly vary from the officer's. She testified she told him—in order to get rid of him—she did not know how the collision happened.

XV. In addition to the two charges of negligence made in the counterclaim which were submitted to the jury (failure to yield half the traveled way and failure to reduce speed to a reasonable and proper rate upon a curve), three other charges of negligence were made against plaintiff in the counterclaim which the court did not submit: (1) failure to have his car under control (2) to keep a proper lookout and (3) another specification of speed very similar to the one submitted.

The court was certainly not required to submit two such

similar charges of speed. We think the evidence was insufficient to warrant submission of the charges as to control and lookout. In this respect the case is much like Johnston v. Calvin, supra, 232 Iowa 531, 5 N. W. 2d 840, 843.

Furthermore, failure to submit these other charges of negligence in the counterclaim was without prejudice to defendants. The court instructed the jury that if they found for plaintiff on his claim they should not consider the counterclaim. No exception was taken to this instruction. The verdict for plaintiff necessarily includes a finding that defendants' negligence was the proximate cause of the collision and that plaintiff was free from negligence which caused or contributed directly thereto. This was fatal to any right of recovery on the counterclaim. In Davidson v. Vast, 233 Iowa 534, 544, 10 N. W. 2d 12, 18, we held that any error in directing a verdict against a defendant on his counterclaim was without prejudice where the jury returned a verdict for plaintiff which we affirmed. Harriman v. Roberts, 211 Iowa 1372, 1375, 235 N. W. 751, is a similar decision. If the ruling in each of the cited cases was without prejudice, certainly defendants here were not prejudiced in the respect claimed.

XVI. Defendants' motion for directed verdict made at the close of plaintiff's testimony, based on alleged insufficient showing of defendants' negligence and plaintiff's freedom from contributory negligence, was waived when not renewed at the close of all the evidence. Newton Nat. Bk. v. Strand Baking Co., 224 Iowa 536, 543, 277 N. W. 491, and cases cited. In any event, the motion was properly overruled.

XVII. There are some complaints against the instructions which we have not discussed. They have been considered and found to be without merit.

The judgment is—Affirmed.

MULRONEY, C. J., and BLISS, OLIVER, MILLER, WENNERSTRUM, SMITH, and MANTZ, JJ., concur.